UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JEFFREY D. PEREZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Cause No. 3:09-CV-459 JVB |
| MARK LEVENHAGEN, Superintendent of the Indiana State Prison, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Jeffrey Perez, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that ISP Superintendent Mike Levenhagen violated his federally protected rights by taking away his contact visitation for six months. Perez seeks injunctive relief reinstating his contact visitation.

Pursuant to 28 U.S.C. § 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

According to the complaint, prison officials charged Perez with possession of an electronic device. A disciplinary hearing board ("DHB") found Perez guilty of that charge and sanctioned him with a loss of fifteen days of earned credit time. (Compl. at 3, Report of Disciplinary Hearing attached to the complaint). After the DHB found Perez guilty, ISP officials, in a separate action, modified his visiting privileges by taking away his contact visitation for six months. (Compl. at 3, Modification of Visting Privilege form attached to the complaint). Perez alleges that the subsequent imposition of restrictions on contact visitation "violated this petitioner's **DUE PROCESS** and **DOUBLE JEOPARDY** rights, both protected by the United States [Constitution], and the Indiana State Constitution." (Compl. at 3) (Emphasis in original).

Perez brings his action under 42 U.S.C. § 1983, which provides a cause of action to redress

2

the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Perez's claim that the restrictions on his contact visitation violated provisions of Indiana's constitution states no claim upon which relief can be granted under § 1983.

Perez alleges that the imposition of restrictions on his contact visitation in a second action, following the initial prison disciplinary proceeding, violated the Fifth Amendment's Double Jeopardy Clause. The Double Jeopardy Clause, applicable to the states by the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, but its scope is limited to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519 (1975). Prison discipline does not constitute "prosecution" for double jeopardy purposes, even if it delays release from incarceration by depriving the prisoner of good time. *Garrity v. Fiedler*, 41 F.3d 1150, 1152-53 (7th Cir. 1995). Accordingly, being subjected to a disciplinary action, and then being deprived of contact visitation in a subsequent action does not violate the Constitution's Double Jeopardy Clause.

Perez also alleges that the restriction on his contact visitation in an administrative action denied him due process of law. The Fourteenth Amendment's Due Process Clause, however, does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner, *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A convicted prisoner is entitled to due process only when the conditions imposed work an atypical and significant hardship on him

3

in relation to the ordinary incidents of prison life or where the discipline imposed infringed on rights protected by the Due Process Clause of its own force. Even transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. at 485.

There is no constitutional right to contact visitation, *Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), and restricting an inmate to non-contact visitation states no claim upon which relief can be granted in a § 1983 action. Inmates have no independent constitutional right to visitation or to particular forms of visitation, *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989); *Smith v. Shettle*, 946 F.2d 1250 (7th Cir. 1991), and prison officials have considerable discretion in determining the time, place, duration, and conditions of visitation. *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998). The restriction Supt. Levenhagen placed on Perez's visitation fall within the discretion the Constitution affords to prison officials, the restriction does not work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, and it is "within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. at 485.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the Court **DISMISSES** Perez's complaint.

SO ORDERED on October 21, 2009.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT
HAMMOND DIVISION